IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KEMUEL FOSDICK, § | |
| § | |
| Petitioner, § | |
| § | |
| V. § | CIVIL ACTION NO. H-07-2994 |
| § | |
| MICHAEL CHERTOFF, § | |
| § | |
| Respondent. § | |

**MEMORANDUM AND OPINION**

**I.    Background**

Petitioner Kemuel Fosdick has been in the custody of the Bureau of Immigration and Customs Enforcement (ICE) since December 7, 2006. Fosdick is a citizen of St. Vincent and the Grenadines. He entered the United States illegally in 1990. He was convicted in Texas state court for cocaine possession in June 2006 and sentenced to serve six months in the state jail. In January 2007, an immigration judge ordered Fosdick removed. Fosdick appealed. On April 27, 2007, the Board of Immigration Appeals dismissed the appeal and upheld the immigration judge's decision, finding no error in the conclusions as to removability and ineligibility for relief. On June 21, 2007, Fosdick filed a petition for review with the United States Court of Appeals for the Fifth Circuit. That case was dismissed in August 2007 for lack of jurisdiction.

In this petition for a writ of habeas corpus, filed on September 17, 2007, Fosdick seeks his release from custody under the Supreme Court's holding in *Zadvydas v. Davis*, 533 U.S.

678 (2001). (Docket Entry No. 1). Fosdick argues that his continued detention is in violation of his substantive and procedural due process rights under the Fifth Amendment and the Immigration and Nationality Act, 8 U.S.C. § 1231(a)(1)(A).

With the motion for summary judgment, the respondent submitted a declaration from Richard Nichols, a deportation officer with the Department of Homeland Security. (Docket Entry No. 6, Ex. A). Nichols is the deportation officer "point of contact" for Fosdick. In the declaration, Nichols states that the consulate of St. Vincent and the Grenadines had delayed issuing any travel documents pending the outcome of Fosdick's legal challenge, which was resolved in August 2007. The declaration also states that Fosdick's file shows that he had asked his mother to contact the consulate to ask for a letter stating that it would not issue a travel document based on the fact that Fosdick had no family in St. Vincent. Such a contact, according to the file, was intended to influence the consulate not to issue a travel document, blocking Fosdick's removal from the United States. The declaration also describes ICE's efforts to obtain a passport from Fosdick. Fosdick did not supply a passport, claiming that it was lost. A birth certificate or other proof of identity/citizenship was necessary to obtain a travel document for his removal from the United States to St. Vincent. According to the declaration, ICE has obtained a copy of Fosdick's birth certificate, which will suffice for an identification document and allow the issuance of a travel document for his removal.

The United States moves for summary judgment on the grounds that it has not delayed or impeded any removal action in this case and that Fosdick contributed to his own continued detention by failing to provide a passport and by asking his mother to contact the consulate

to influence it not to issue a travel document for Fosdick.  Fosdick responded by asserting that the respondent has misstated or altered documents in the record and that there is "substantial significant unlikelihood" of removal in the foreseeable future.  Fosdick cites the failure of the St. Vincent and the Grenadines officials to issue him a travel document.  (Docket Entry No. 7).  The respondent asserts that the record shows that Fosdick failed to apply for the document necessary for his departure, asked his mother to contact the consulate to ask it to deny him a travel document, failed to ask his family and friends to assist in obtaining a travel document, and failed to ask permission to enter another country.  (Docket Entry No. 8).

## II.     Analysis

Once an alien is "ordered removed," the Immigration and Nationality Act states that the Attorney General is obligated to effect the removal within 90 days.  8 U.S.C. § 1231(a)(1)(A).  After a removal order becomes final and during the removal period, aliens must be held in custody.  8 U.S.C. § 1231(a)(2).  An alien may be detained beyond the 90-day period if he is inadmissible under 8 U.S.C. § 1182, removable under certain provisions of 8 U.S.C. § 1227, or is a risk to the community or unlikely to comply with the removal order.  8 U.S.C. § 1231(a)(6).

In *Zadvydas*, the Supreme Court held that the post-removal-order detention statute, 8 U.S.C. § 1231(a)(6), implicitly limits an alien's detention to a period reasonably necessary to bring about that alien's removal from the United States.  *Zadvydas*, 533 U.S. at 689.  The Court stated that the statute does not permit indefinite detention.  *Id.*  *Zadvydas* created a

"6-month presumption" of the validity of detention under § 1231, after which an alien may attack the reasonableness of his continued detention by showing that there is no significant likelihood of removal in the reasonably foreseeable future. *Id.* at 701. The government then has the burden to rebut the presumption that after six months, continued detention is unreasonable. *Id.*

The declaration of Richard Nichols attached to the summary judgment motion supports the respondent's statement that Fosdick's removal will occur in the reasonably foreseeable future. Fosdick has not provided a basis to controvert the showing of a significant likelihood of his removal in the reasonably foreseeable future. *See Gonzalez v. Bureau of Immigration & Customs Enforcement*, No. 1:03-CV-178-C, 2004 WL 839654, at *2 (N.D. Tex. Apr. 20, 2004) (finding that conclusory allegations that the government was not diligently attempting to effect his removal were insufficient to meet the petitioner's burden of proof). On this record, Fosdick's continued detention does not violate his constitutional rights. The petition for writ of habeas corpus is dismissed without prejudice to the right to file a new petition if circumstances change.

**III.  Conclusion**

The respondent's summary judgment motion is granted. This petition is dismissed.

SIGNED on January 31, 2008, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge